**Robert HUDSON, Petitioner-Appellant,**

v.

**Jacqueline LASHBROOK, Respondent-Appellee.**

No. 16-3152

United States Court of Appeals, Seventh Circuit.

Argued April 13, 2017

Decided July 12, 2017

Jeffrey Robert Carroll, Benjamin I. Friedman, Michael P. Doss, Attorneys, Sidley Austin LLP, Daniel Greenfield, Attorney, MacArthur Justice Center, Chicago, IL, for Petitioner-Appellant.

Matthew P. Becker, Attorney, Office of the Attorney General, Chicago, IL, for Respondent-Appellee.

Before POSNER, MANION and KANNE, Circuit Judges.

MANION, Circuit Judge.

Appellant Robert Hudson was granted habeas relief by a federal district judge, who ordered the state of Illinois to reoffer a plea deal. State prosecutors complied with that writ, but a state judge refused to accept the deal. Since Hudson received all the relief he sought in his first habeas action, we affirm the dismissal by the district court.

## I. Background

In 2005, awaiting trial on state charges for armed robbery and two counts of unlawful restraint, Robert Hudson was advised by his court-appointed public defender that he faced a possible sentence of six to sixty years. Accordingly, he rejected a plea deal by the prosecutor offering him twenty years. The case went to trial, and when the case was submitted and the jury was deliberating, the prosecutor again approached Hudson with an offer: sixteen years. Hudson again rejected this deal, believing that he could be acquitted, or if convicted, receive as little as six years in prison.

Hudson was convicted, and at sentencing, it was discovered that his criminal history was far more extensive than his trial counsel had thought, including prior convictions for murder, armed robbery, burglary, felony theft, and felony drug possession. Due to these various violent

crimes, Hudson has been incarcerated almost continuously from 1979 until the present day. Given this criminal history, Hudson received a mandatory natural life sentence without the possibility of parole. In 2013, after exhausting his state appeals process, Hudson filed a habeas action in federal district court, alleging that he was denied effective assistance of counsel during plea negotiations. The district court on August 27, 2014, issued the writ, finding that but for his counsel's deficiencies, Hudson would have accepted the plea offer. *Hudson v. Harrington*, No. 13 C 00678, 2014 WL 4244255 (N.D. Ill. Aug. 27, 2014). Following *Lafler v. Cooper*, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the district court determined that the proper remedy was not immediate release, but rather ordered the state of Illinois to reoffer Hudson the original plea deal of twenty years' imprisonment, noting that "the state trial court can then exercise its discretion in determining whether to vacate the convictions and resentence [Hudson] pursuant to the plea agreement, to vacate only some of the convictions and resentence [Hudson] accordingly, or to leave the convictions and sentence from trial undisturbed."

The state of Illinois offered Hudson a plea deal on March 3, 2015, based upon one charge of attempted armed robbery. This new offer was specifically tailored to avoid a mandatory life sentence, and the range of imprisonment was fifteen to thirty years. Hudson accepted the plea deal, and he and the State filed an agreed motion under 735 ILCS 5/2-1401 to vacate the conviction and resentence. On March 20, 2015, the parties met in Illinois state court before the same judge who presided over Hudson's original trial, and attempted to file an appearance. However, the state judge declined to rule on the plea deal on the grounds that she had no jurisdiction over the matter, noting that all she had before her were "orders from the Appellate Court ... that suggested all issues addressed by this Court were correct, and ... nothing from the Federal Court that suggests otherwise. So you can file your appearance to do what? I mean, there is nothing here. I don't have jurisdiction. I don't have anything here."

On April 6, 2015, the parties appeared again before the same judge, this time with additional documentation, including the habeas opinion of the federal district court. Again, the procedural irregularity of the writ was noted by the state judge. She noted again that the original sentence had not been vacated, so that she had no jurisdiction over Hudson. She further noted that the new plea deal was contrary to Illinois state law, asking: "[H]ow does the State's Attorney or Miss Madigan give an offer that's illegal ... [Hudson] wishes to plead guilty to some other offense that he was not convicted of?"

Finally, on February 23, 2016, Hudson and four attorneys again appeared in Illinois state court and finally obtained a merits ruling. Again the state judge asked what jurisdiction she had over his case. When federal habeas jurisdiction was recited to her, she asked: "Do you have a copy of the federal district court order that is ordering me to do something?" After reading lengthy portions of Hudson's violent criminal history into the record and noting that she had reviewed "every single affidavit, every pleading ... all the information that was provided by the State's Attorney's Office[,] the Will County Adult Probation Department[,] and the Will County Clerk's Office," the state judge finally rejected the plea deal outright. She further noted that she would have rejected the plea deal even if she were considering the deal for the first time, after factoring in Hudson's criminal history. Hudson has appealed this denial of his plea agreement

in state court, and that action remains pending.

Hudson returned to the federal district judge who had issued the habeas writ, filing a "motion to enforce" that sought his immediate release from the Illinois Department of Corrections. Again following the Supreme Court's decision in *Lafler*, the district judge this time denied the motion on the grounds that Hudson's state appeal remains pending, and that "the Illinois Appellate Court should have the first opportunity to both define *Lafler's* discretionary factors and in deciding how to resentence or treat a reoffered plea, and to determine whether the state trial court operated within the bounds of fair discretion in this case." This ruling terminated the case in the district court. Today, we dismiss this case for lack of jurisdiction.

## II. Analysis

The Supreme Court's decision in *Lafler v. Cooper* applied the Sixth Amendment's guarantee of effective assistance of counsel to a trial's plea-bargaining stage. This case does present a difficulty for trial courts: distinguishing genuine unconstitutionally ineffective assistance of counsel from "sand-bagging." Unlike cases where defense counsel is ineffective *at trial*, ineffective counsel in the *Lafler* context might be perfectly adequate at trial—even excellent. In this case, the progressively reduced plea offers by the state of Illinois to Robert Hudson, starting with twenty years and reducing to sixteen years, suggests as much. In other words, an Illinois jury heard Hudson's best case and still convicted him. While not addressed in *Lafler*, a defendant facing a mandatory natural life sentence in a case with strong evidence against him would have no reason to reject an unlawfully offered lower plea deal, and as a matter of law, there might be no prejudice in a situation where a defendant

declines a plea deal that is contrary to state law. In this case, however, the state of Illinois failed to appeal the issuance of the writ.

Yet while it is difficult to determine when to issue a writ of habeas corpus at the sentencing stage, this pales in comparison to the difficulty of the remedial question. In the *Lafler* case itself, the Court determined that the "correct remedy [was] to order the State to reoffer the [rejected] plea agreement. Presuming [the defendant] accepts the offer, the state trial court can then exercise its discretion in determining whether to vacate the convictions and resentence [the defendant] pursuant to the plea agreement, to vacate only some of the convictions and resentence [the defendant] accordingly, or to leave the convictions and sentence from trial undisturbed ... Today's decision leaves open to the trial court how best to exercise that discretion in all the circumstances of the case." *Id.* at 174–75, 132 S.Ct. 1376. Indeed, the Court in *Lafler* is quite clear that a state court could not be compelled to accept a plea deal. The Court did provide some broad instructions that while a trial court must "weigh various factors[,] the boundaries of proper discretion need not be defined here. Principles elaborated over time in decisions of state and federal courts, and in statutes and rules, will serve to give more complete guidance as to the factors that should bear upon the exercise of the judge's discretion." *Lafler*, 566 U.S. at 171, 132 S.Ct. 1376.

But whatever this means, it cannot mean that a federal district court is not only entitled, but compelled by the Sixth Amendment to vacate Hudson's state sentence, order a state prosecutor to offer a plea deal in apparent violation of state law, then order the state judge to accept this unlawful plea deal. State authorities applying their own criminal laws are not mar-

ionettes controlled by the federal courts, and the writ of habeas corpus, while a "great writ," is not without limit. The writ is directed to the person detaining another: it is not directed at the state government *in toto*.

■ Cognizant of this, the district judge in this case properly followed *Lafler* to the letter, and directed the state prosecutors (again, apparently in contravention of state law) to reoffer a lower plea deal.[1] Once the state reoffered the plea deal, the habeas writ was complied with, and the district court lost jurisdiction over the case. The state judge, faced with what she thought was also not a case or controversy, declined to opine until, finally, she considered and rejected it. Whether she had jurisdiction, and whether her merits ruling was proper or improper are matters of state law, pending on appeal. And it bears mentioning that at no point was the state judge herself a party before the federal district judge in this case.

The state of Illinois properly characterizes Hudson's return to federal court *not* as a continuation of his prior habeas case (he had received all the relief requested) but as a new habeas case, analogizing this case to *Coulter v. McCann*, 484 F.3d 459, 466 (7th Cir. 2007). In that case, a plaintiff successfully obtained habeas relief on a *Batson* claim, and in compliance with the writ the state court concluded that the prosecution's reasons for its use of peremptory strikes was race-neutral. The plaintiff in that case sought to "reinstate" his habeas petition, and this court held that "[w]hat he filed was in substance a

new petition for a writ of habeas corpus from the new holding." *Id.*[2]

If there were any question of compliance with the writ, the district judge in this case had contempt authority. Instead, the district judge properly noted that "the next procedural step should be the Illinois Appellate Court. If, at the end of the state appellate process, Hudson does not receive his requested relief, then he may file another habeas petition...." This was not a statement, however, that the instant action was ongoing, but that the habeas action the district court contemplated Hudson filing in the future did require exhaustion of state remedies. In this habeas action under *Lafler*, Hudson has received all the relief he requested, and the decision of the district court dismissing the action is

AFFIRMED.

---

1. One might ask why the state was not ordered to reoffer the sixteen-year plea deal rejected while the jury was out.

2. This court further noted that the petition in *Coulter* was not successive, challenging a new

ruling of the state court. The same principle applies in this case. Upon exhaustion of his state remedies, Mr. Hudson undoubtedly has a new habeas claim he can file.