In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――――――――

No. 17-3639

MARK D. JENSEN,

*Petitioner-Appellant,*

*v.*

WILLIAM POLLARD,

*Respondent-Appellee.*

―――――――――――――

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 11-C-803 — **William C. Griesbach**, *Chief Judge.*

―――――――――――――

ARGUED NOVEMBER 7, 2018 — DECIDED MAY 15, 2019

―――――――――――――

Before ROVNER, SYKES, and BARRETT, *Circuit Judges.*

SYKES, *Circuit Judge.* In a prior appeal, we affirmed an order granting Mark Jensen's application for habeas relief from his conviction for the 1998 murder of his wife, Julie. *Jensen v. Clements*, 800 F.3d 892 (7th Cir. 2015). The Wisconsin Court of Appeals had rejected Jensen's Confrontation Clause challenge to the admission of Julie's "voice from the grave" letter expressing her fear that her husband might kill her. The rationale for that ruling was harmless error. We agreed

with the district court that the state court unreasonably applied Supreme Court precedent. *Id.* at 908.

After our mandate issued, the district judge issued a conditional writ requiring the State of Wisconsin to either release Jensen or "initiate[] proceedings to retry him" within 90 days. The State timely initiated retrial proceedings. But before the retrial, the state trial judge concluded that the out-of-court statements were not testimonial, curing the constitutional defect in Jensen's first trial. Reasoning that a second trial was unnecessary, the trial judge reinstated Jensen's original conviction. Jensen appealed the new judgment, but the Wisconsin Court of Appeals has not yet ruled.

In the meantime, Jensen returned to federal court and moved to enforce the conditional writ, which he argued guaranteed a retrial without the challenged statements. The district court denied the motion and we affirm. Our jurisdiction is limited to assessing the State's compliance with the conditional writ. The State complied with the writ when it initiated proceedings for Jensen's retrial.

## I. Background

In March 2002 Kenosha County prosecutors charged Jensen with first-degree intentional homicide for the death of his wife, Julie, on December 3, 1998. Julie's "voice from the grave" was central to the prosecution's case. Two weeks before her death, Julie wrote a letter disclaiming any intention of suicide and stating that she feared her husband was going to kill her. She gave the letter to a neighbor in a sealed envelope with instructions to give it to the police if anything happened to her. Julie also made similar statements to a police officer shortly before her death.

Based on *Crawford v. Washington*, 541 U.S. 36 (2004), the Kenosha County Circuit Court concluded that the letter and statements were testimonial hearsay, inadmissible under the Confrontation Clause. *See* U.S. CONST. amend. VI. On interlocutory appeal the Wisconsin Supreme Court agreed that the letter and statements were testimonial. But the court also held that the trial judge could admit the evidence under the forfeiture exception to the Confrontation Clause if he found by a preponderance of the evidence that Jensen caused his wife's death. *State v. Jensen* ("*Jensen I*"), 727 N.W.2d 518, 536 (Wis. 2007). After a ten-day hearing, the trial judge admitted the evidence. The State introduced the letter and statements at trial, and a jury found Jensen guilty.

While Jensen's appeal to the Wisconsin Court of Appeals was pending, the United States Supreme Court held that the forfeiture exception applies only when a defendant acts with the particular purpose of preventing the witness's testimony. *See Giles v. California*, 554 U.S. 353, 367–68 (2008). The Wisconsin Court of Appeals affirmed Jensen's conviction without deciding whether *Giles* abrogated *Jensen I*. It instead concluded that any error, if one occurred, was harmless. *State v. Jensen* ("*Jensen II*"), 794 N.W.2d 482, 493 (Wis. Ct. App. 2010). The court also found that Jensen had waived a separate due-process claim alleging judicial bias. *Id.* at 504. The Wisconsin Supreme Court denied Jensen's petition for review.

Jensen then turned to federal court. He filed a habeas petition under 28 U.S.C. § 2254, reasserting his Confrontation Clause and judicial-bias claims. After observing that the State did not dispute that Julie's letter and statements were testimonial, the district judge held that the admission of the

evidence was an unreasonable application of the forfeiture exception and harmless-error doctrine. *Jensen v. Schwochert* ("*Jensen III*"), No. 11-C-0803, 2013 WL 6708767, at *17 (E.D. Wis. Dec. 18, 2013). The judge issued a conditional writ with the following mandate:

> Jensen is therefore ordered released from custody unless, within 90 days of the date of this decision, the State initiates proceedings to retry him. The Clerk is directed to enter judgment accordingly. In the event [the State] elects to appeal, the judgment will be stayed pending disposition of the appeal.

*Id.* The State appealed and we affirmed. *Jensen*, 800 F.3d at 908. The writ issued on October 19, 2015.

On December 29 the state trial judge vacated Jensen's conviction, and the prosecution noticed its intent to retry him. Jensen predictably moved to exclude Julie's statements. The prosecution objected, arguing that two Supreme Court decisions postdating *Jensen II* narrowed the definition of "testimonial," abrogating *Jensen I*'s holding that Julie's letter and statements were testimonial for purposes of Confrontation Clause analysis. *See Ohio v. Clark*, 135 S. Ct. 2173 (2015); *Michigan v. Bryant*, 562 U.S. 344 (2011). The trial judge agreed. Applying Wisconsin's law-of-the-case doctrine, he concluded that *Jensen I* no longer controlled and ruled that Julie's statements were not testimonial.

At this point the State asked the federal habeas court for clarification. Its position was that the trial court's latest ruling cured any constitutional error, so it intended to move for reinstatement of the original judgment if the conditional

writ allowed it. The district judge clarified that the State was not required to release Jensen because it initiated retrial proceedings within 90 days of the order. The prosecution then asked the state trial court to reinstate Jensen's original conviction. The judge granted that request, reasoning that no purpose would be served by holding a duplicate trial with identical evidence. Jensen's appeal from the new judgment is pending in the state court of appeals.

While still exhausting his state remedies, Jensen returned to federal court with a motion challenging the reinstatement of the conviction. He argued that the State didn't comply with the writ because it didn't actually retry him. Alternatively, he asked the district judge to adjudicate his judicial-bias claim, which wasn't resolved in the original habeas proceedings.

The judge declined to do either. He instead held that the conditional writ only compelled the State to *initiate* retrial proceedings and that the State had done so. But he didn't stop there. The judge determined that § 2254 "require[d]" him to "inquire into whether the State's actions constitute[d] a good faith effort to comply with the substance, as well as the form, of the court's order." He then examined the state court's post-writ proceedings in detail. After concluding that the State had colorable legal grounds to seek reinstatement of Jensen's conviction, the judge denied relief. Jensen appealed.

## II. Discussion

When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance. *See Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017). But once the State

complies with the writ, the district court loses jurisdiction. *Id.* Accordingly, the only question properly before this court is whether the State complied with the writ.[1]

The relevant facts are undisputed: After initiating proceedings to retry Jensen, the State sought to introduce Julie's letter and statements. Relying on Supreme Court decisions that postdated *Jensen II*, the trial judge held that the evidence was admissible and granted the State's ensuing motion to reinstate the conviction. That new judgment is now under review by the Wisconsin Court of Appeals. The sole federal dispute centers on the meaning of the conditional writ. We review a district court's interpretation of its conditional writ for abuse of discretion. *Pidgeon v. Smith*, 785 F.3d 1165, 1172 (7th Cir. 2015).

The writ mandates that Jensen must be "released from custody unless … the State initiates proceedings to retry him." The district judge rejected Jensen's contention that the writ guaranteed him a trial free of Julie's letter and statements. The judge reasoned that the State could not have complied with such a writ within 90 days given the complexity of the case. He also explained that the language of the writ left room to resolve the case without a new trial. That is, the writ "deliberately required only the initiation of proceedings for a retrial within the time allowed in order for the State to comply with the writ."

That interpretation was not an abuse of discretion. It neatly tracks the conditional writ's unambiguous language. Conversely, Jensen's proposed interpretation asks us to ignore the writ's instruction to "initiate proceedings" in

---

[1] We thus lack jurisdiction to consider Jensen's judicial-bias claim.

favor of a more robust command for a "trial free of [Julie's] letter." The Supreme Court has cautioned that courts "should not infer … conditions from silence" when interpreting conditional writs. *Jennings v. Stephens*, 135 S. Ct. 793, 799 (2015). Instead, a petitioner's "rights under the judgment were what the judgment provided." *Id.* at 798. The judgment here gave the State two options: release Jensen or initiate proceedings to retry him. It did not contain an implicit right to retrial without Julie's letter or statements.

But while the judge's interpretation of his order is correct, we are skeptical that § 2254 required him to scrutinize the prosecutor's good faith. As with all conclusions of law, we consider this issue de novo. *See Warren v. Baenen*, 712 F.3d 1090, 1096 (7th Cir. 2013). Looking beyond the express terms of a writ to assess the State's good faith risks creating the very unstated conditions that courts cannot read into writs. *See Jennings*, 135 S. Ct. at 799. And asking whether post-writ proceedings are "shams" requires examining the legal merits of state proceedings prior to exhaustion. *See* 28 U.S.C. § 2254(b)(1). Indeed, the district court's inquiry here discussed the very issues that remain pending in Jensen's direct appeal in the Wisconsin Court of Appeals.

We have long held that courts should presume that states will comply with equitable remedies in good faith. *Jenkins v. Bowling*, 691 F.2d 1225, 1234 (7th Cir. 1982). This presumption applies with particular force in § 2254 proceedings, where "[f]ederalism and comity principles pervade." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). A conditional writ under § 2254 is not "a general grant of supervisory authority over state trial courts." *Jennings*, 135 S. Ct. at 799; *see also Hudson*, 863 F.3d at 656 ("The writ is directed to the person

detaining another: it is not directed at the state government *in toto*."). In short, jurisdiction to assess state compliance with conditional writs is constrained by the actual remedy ordered by the court—that is, the terms of the writ.

In this case the conditional writ required the State to either release Jensen or "*initiate* proceedings to retry him." The State did the latter, and at that moment the district court lost jurisdiction. Jensen's custody flows from a new judgment reinstating the original conviction on an alternative ground from that challenged in *Jensen III*. *See Coulter v. McCann*, 484 F.3d 459, 466 (7th Cir. 2007) (holding that post-writ proceedings in state court can confirm that no constitutional violation occurred in the first place). We lack jurisdiction to explore whether that judgment is constitutionally infirm. Jensen is free to challenge any perceived constitutional errors via his direct appeal in state court. Indeed, he must exhaust those remedies before raising any constitutional claims in a new § 2254 petition.

AFFIRMED.

ROVNER, *Circuit Judge,* concurring in part and concurring in the judgment. I agree with my colleagues that we may review only for abuse of discretion the district court's determination that the State complied with the writ. And I am persuaded that, once we have concluded that there is no abuse of discretion, there is nothing left for the federal courts to do until the petitioner has exhausted state court remedies and brings a new federal *habeas* proceeding. I do not agree, however, that it was inappropriate for the district court to examine whether the State complied in good faith with the writ or instead engaged in sham proceedings in order to circumvent the writ.

The majority cites *Jenkins v. Bowling*, 691 F.2d 1225, 1234 (7th Cir. 1982), for the proposition that, "We have long held that courts should presume that states will comply with equitable remedies in good faith." But *Jenkins* also makes clear that the presumption is rebuttable and that federal courts have the power to correct noncompliance:

> When formulating equitable remedies against a state—an entity still to be regarded as having some sovereign dignity—a federal court should try to minimize their abrasive potential. It should presume that the state will attempt to comply in good faith with the letter and spirit of its ruling. Events may rebut the presumption in particular cases[.] … If the state does try [to evade the order], the federal courts have all the powers they need, including the power to issue mandatory injunctions as detailed and specific as the situation requires, backed up by all the force of

the United States, to make their decisions effective.

*Jenkins*, 691 F.2d at 1234. Although *Jenkins* did not address *habeas* proceedings, it did involve a federal court "formulating equitable remedies against a state," and the comity concerns are comparable.

In my view, the district court properly assessed whether there was good faith compliance with the writ, or a possible bad faith effort to circumvent the writ. That was especially appropriate in a case where the State sought to reinstate (and in fact *did* reinstate) the very same judgment that the federal courts had found constitutionally infirm, a procedural scenario that I believe I have not encountered in my nearly thirty-five years on the federal bench. The district court's analysis of whether the State had engaged in sham proceedings to circumvent the writ was part and parcel of its review of whether the State had complied with the writ. Therefore, I respectfully concur in part, and concur in the judgment.